Plaintiff, a former officer of the United States Marine Corps, sues to recover disability retired pay from the date of his discharge on June 30, 1956, claiming that the Board for the Correction of Naval Records acted arbitrarily in 1964 when it denied plaintiff’s application for a correction of his records to show him retired for disability and entitled to disability retired pay as of July 1,1956. The case was referred to Commissioner Richard Arens under Rule 57(a). On July 28, 1967, Commissioner Arens submitted findings of fact, an opinion and recommended conclusion of law. Commissioner Arens noted that defendant and defendant’s witnesses admitted that plaintiff was in fact suffering from all of the asserted disabilities, including the conversion reaction, at the time of his discharge in 1956 but that they insisted plaintiff’s service record indicated that his performance of duties showed him fit for active duty at the time of his discharge and not entitled to disability retirement. On the basis of plaintiff’s service and medical records, all of which were before the Correction Board, the commissioner concluded that plaintiff, a combat officer, could not and did not perform his combat duties because of his disabilities and did not meet the so-called acid test referred to in an advisory *985 opinion to the Correction Board authored by the Bureau of Medicine and Surgery, i.e., that he in fact performed his duties despite any disabilities. The commissioner held that on the basis of the record and under the applicable criteria of fitness for duty, plaintiff was unfit to perform the duties of his rank because of service incurred disabilities and that the action of the Correction Board in denying his application for correction was arbitrary and capricious entitling plaintiff to a judgment for disability retired pay from July 1, 1956.
On April 9, 1968, the parties filed a stipulation signed by their respective attorneys of record, in which it was stated that there is due and owing plaintiff as of March 31,1968, the sum of $18,221.04 and that judgment should be entered in favor of plaintiff in that amount. Accordingly, on April 12, 1968, the court ordered that judgment be so entered for plaintiff.